```
                                            U.S. BANKRUPTCY COURT
                                         SOUTHERN DISTRICT OF MISSISSIPPI
                                                    FILED

         UNITED STATES BANKRUPTCY COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI       SEP 29 2006

                                            CHARLENE J. KENNEDY, CLERK
IN RE:                                      BY_____DEPUTY
```

| | |
|---|---|
| CONSULTRIX TECHNOLOGIES, INC., | CASE NO. 06-01107-NPO |
| DEBTOR. | CHAPTER 11 |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S THIRD AMENDED EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL, TO PAY SALARIES, PAYROLL AND CERTAIN UTILITIES, AND FOR OTHER RELIEF

### MEMORANDUM OPINION

On August 9, 2006, there came on for hearing (the "Hearing") the Debtor's Third Amended Emergency Motion for Order Authorizing Debtor to Use Cash Collateral, to Pay Salaries, Payroll and Certain Utilities, and For Other Relief (Dk. No. 48)("Third Amended Cash Collateral Motion") and the Objection of the United States Trustee to Third Amended Emergency Motion for Order Authorizing Debtor to Use Cash Collateral, to Pay Salaries, Payroll and Utilities and For Other Relief (Dk. No. 76)(the "UST Objection") in the above-styled chapter 11 proceeding.[1] At the Hearing, the Court ruled on all of the objections raised in the UST Objection, except the objection to the following language regarding the rights of successor trustees:

> Regions security interest in the collateral . . . shall be senior to all other security interests and shall at all times be senior to the rights of the Debtor or its successors-in-interest, including, without limitation, any superseding

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

>trustee in this Chapter 11 case or any trustee in a case into which this case
>may be converted pursuant to another chapter of the Bankruptcy Code.

Third Amended Cash Collateral Motion at ¶ 15 (the "Successor Trustee Language"). The Court took this matter under submission. William H. Leech submitted the brief of Regions Bank ("Regions") in opposition to the UST Objection to the Successor Trustee Language. Betty Ruth Fox submitted the brief of the UST in support of this objection. The Court, being fully advised in the premises, finds that UST Objection to the Successor Trustee Language is not well taken and should be overruled.[2]

## JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this proceeding. Notice of the Third Cash Collateral Motion was proper under the circumstances.

## FACTS

This voluntary chapter 11 case was initiated by the filing of a petition on June 26, 2006 (Dk. No. 1). On June 30, 2006, the Debtor filed its Emergency Motion for Order Authorizing Debtor to Use Cash Collateral, to Pay Salaries, Payroll and Certain Utilities, and For Other Relief (Dk. No. 9)(the "First Cash Collateral Motion"). Paragraph No. 17 of the First Cash Collateral Motion provides the Successor Trustee Language. No objection to the First Cash Collateral Motion was raised by the UST. On June 30, 2006, the Court entered the Order Authorizing Debtor to Use Cash Collateral, to Pay Salaries, Payroll and Certain Utilities, and For Other Relief; and a Notice of Reset Preliminary Hearing (Dk. No. 11).

---

[2] As noted previously, the other UST objections to the Third Amended Motion were disposed of by agreement or rulings of the Court at the Hearing. However, to the extent any additional objections were raised by the UST in its brief in support of the UST Objection, those objections are also hereby overruled.

Subsequent motions to use cash collateral were thereafter filed on July 11, 2006 (Dk. No. 21) and July 19, 2006 (Dk. No. 35). These subsequent motions contained the same Successor Trustee Language as the First Cash Collateral Motion. The UST raised no objection to the Successor Trustee Language, and Orders were entered by this Court granting those subsequent motions on July 14, 2006 (Dk. No. 29) and July 24, 2006 (Dk. No. 54), respectively.

Following the filing of the Third Amended Cash Collateral Motion, the UST filed the UST Objection, with one of the objections being that "[t]he Financing Motion appears to bind subsequently appointed trustee(s)." UST Objection at ¶ 4. The Court granted the UST's request to brief the successor trustee issue, and entered its Order granting the Third Amended Cash Collateral Motion on August 28, 2006 (Dk. No. 88).

## DISCUSSION

Cases have held that a chapter 11 debtor-in-possession can enter into a binding agreement with a secured creditor which will be enforceable against a subsequently appointed chapter 7 trustee.[3] See Armstrong v. Norwest Bank, 964 F.2d 797, 798 (8th Cir. 1992)(cash collateral agreement); In re Sherwood Ford, Inc., 125 B.R. 957, 961 (Bankr. D. Md. 1991)(cash collateral agreement); In re Bettis, 97 B.R. 344, 347 (Bankr. W.D. Tex. 1989)(agreed order on motion to lift automatic stay); In re American Int'l Airways, Inc., 75 B.R. 1023 (Bankr. E.D. Penn. 1987)(stipulation regarding amount of preferential transfer).

---

[3] Cash collateral and other orders also have been entered in this State which contain language binding subsequently appointed trustees. See, e.g., In re Rosemont Gardens Funeral Home/Cemetary, Inc., Case No. 02-03976-JEE (Bankr. S.D. Miss. 2002); In re Mississippi Chemical Corp., Case No. 03-02984-JEE (Bankr. S.D. Miss. 2004); In re L&R Trucking, Inc., Case No. 96-11297-ERG (Bankr. S.D. Miss. 1997); and In re FF Acquisition Corp. d/b/a Flexible-Flyer, Case No. 05-16187-DWH (Bankr. N.D. Miss. 2006).

For example, in <u>Armstrong</u>, the debtor-in-possession entered into a cash collateral stipulation with his primary secured creditor. The bankruptcy court, in approving the stipulation, "expressly stated that the stipulation was binding on all parties, including any later appointed Trustee." <u>Armstrong</u>, 964 F.2d at 798. The case was subsequently converted to a chapter 7 case, and the chapter 7 trustee initiated an adversary proceeding against the secured creditor, in part, to challenge the validity of the cash collateral stipulation. <u>Id.</u> at 800. The bankruptcy court held that the "stipulation was a binding contract and that the Trustee was bound by the stipulation to the same extent as the predecessor debtor-in-possession" <u>Id.</u> The Eighth Circuit, in affirming the bankruptcy and district courts, stated:

> [I]t is axiomatic that the Trustee is bound by the acts of the debtor-in-possession, Trout, in entering into the three stipulations. It is equally self-evident that the Trustee is bound by the decisions of the courts regarding the stipulations, even absent his presence at those proceedings. We cannot entertain any suggestion to the contrary, as the result would be chaos among debtors-in-possession and their creditors. Creditors must be able to deal freely with debtors-in-possession, within the confines of the bankruptcy laws, without fear of retribution or reversal at the hands of a later appointed trustee.

<u>Id.</u> at 801.

Additionally, in <u>Sherwood Ford</u>, a chapter 11 debtor-in-possession and a secured creditor entered into a consent order which modified the automatic stay and conditioned the use of cash collateral. <u>Sherwood Ford</u>, 125 B.R. at 958-959. Subsequently, certain conditions occurred which permitted the secured creditor to regain possession of its property. <u>Id.</u> at 959. However, the case was converted to a chapter 7 case, and the creditor filed a second motion for relief, out of an abundance of caution, to which the chapter 7 trustee objected. <u>Id.</u> at 960-961. The bankruptcy court held that the "[c]hapter 7 trustee is bound by the terms of the consent order . . . which was executed . . . before the case was converted and before he was appointed trustee." <u>Id.</u> The bankruptcy court

recognized that the trustee "derives his position from that of the debtor and his rights to the collateral rise no higher than those of the debtor." Id. at 961. The court further emphasized that "[t]he debtor having acknowledged Ford Motor Credit's status as the holder of a perfected prepetition security interest in property of the debtor, the trustee is bound by the *res judicata* effect of that acknowledgment as a part of the consent order approved by the Court." Id.

*Collier on Bankruptcy* also makes it clear that a cash collateral order may bind a subsequently-appointed trustee. 6 *Collier on Bankruptcy*, ¶ 721.04 (15th Ed. Revised 2006). Paragraph 721.04, entitled "Chapter 7 Trustee's Duty to Comply with Stipulations Entered into by a Previous Trustee Prior to Conversion," states that "[f]ollowing the conversion of a chapter 11 case to chapter 7, a chapter 7 trustee may, under the proper circumstances, be bound by the terms of a court approved stipulation entered into by the debtor in possession or chapter 11 trustee prior to the conversion of the case to chapter 7."[4] Id.

Based on the foregoing, the Court overrules the objection of the UST to the Successor Trustee Language in this chapter 11 proceeding. Yet, it should be noted that the same or similar language must be reviewed on a case-by-case basis in subsequent bankruptcy proceedings. The Court can envision circumstances in which such language may not be approved. For example, if a motion to convert or a motion to appoint a chapter 11 trustee is pending, the inclusion of successor trustee language may not be appropriate.

Accordingly, the Court finds that the UST Objection to the Successor Trustee Language in the Third Amended Cash Collateral Order should be overruled, and that any additional objections

---

[4] Other noted practice guides also recommend the inclusion of language binding a subsequently appointed trustee. *See* William L. Norton, III & Roger G. Jones, *Norton Creditors' Rights Handbook* § 16:9 (2006); 2 *Norton Bankr. L. & Prac. 2d* § 37.5 n. 21 (2006); *Collier on Bankruptcy*, at Form 28.05-2

raised by the UST in its brief in support of the UST Objection also should be overruled.

A separate order consistent with this Memorandum Opinion will be entered by this Court in accordance with Federal Rule of Bankruptcy Procedure 9021.

DATED, this the 29th day of September, 2006.

/s/ Neil P. Olack

NEIL P. OLACK
UNITED STATES BANKRUPTCY JUDGE